O’Connor, J.,
concurring.
{¶ 23} I join the majority opinion but write separately to urge the General Assembly to study the problem that gives rise to cases like this one: high rates of foreclosure in urban neighborhoods dominated by absentee owners.
{¶ 24} Cleveland, like other Ohio cities, has witnessed the spread of blighted neighborhoods caused by many factors, including absentee owners (corporate and individual) who permit properties to go into ruin and decay. The presence of abandoned or untended buildings “portends and precipitates a downward spiral in the quality of life of [a] community.” Melissa C. King, Recouping Costs for Repairing “Broken Windows”: The Use of Public Nuisance by Cities to Hold Banks Liable for the Costs of Mass Foreclosures (2009), 45 Tort Trial & Ins.Prac.L.J. 97, 98. Cities already struggling to address the challenges of urban life are now desperate for assistance in their efforts to stop additional blight and deterioration.
{¶ 25} City prosecutors working in municipal and common pleas courts must have a mechanism through which they can constitutionally provide notice to owners but proceed with trial in absentia if an owner fails to respond to defend the claim. Legislative modification of R.C. 2941.47 to permit a municipal court to proceed in absentia is one manner by which this goal can be accomplished.
{¶ 26} In asserting the need for action, I am aware that many lenders are now inundated with foreclosed properties. But that dynamic is not likely to change in the foreseeable future, and lenders, as the lawful property owners, must now address the problem. They may choose to do so through cooperative efforts with city leaders. But ignoring the problem will only contribute to it, a result that is not legally, fiscally, or morally acceptable.